925 F.2d 1465
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles TOWNSEND, Petitioner-Appellant,
v.
Eric C. DAHLBERG, Warden, Respondent-Appellee.
 No. 90-3744.
 United States Court of Appeals, Sixth Circuit.
 Feb. 22, 1991.
 
 Before DAVID A. NELSON and SUHRHEINRICH, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Charles Townsend, a pro se Ohio prisoner, appeals the district court's dismissal of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Townsend was convicted by a jury of kidnapping and gross sexual imposition (both counts contained a prior aggravated felony specification). He was sentenced to 15-25 years imprisonment, with 15 years actual incarceration. His conviction was affirmed by the Ohio Court of Appeals, and the Ohio Supreme Court denied discretionary review.
 
 
 3
 Thereafter, Townsend filed his habeas petition alleging: 1) the trial court improperly denied defense counsel's request for a continuance; 2) the trial court should have granted a change of venue based upon pre-trial publicity; 3) the trial court improperly imposed a sentencing specification; and 4) the in-court identification was tainted because the pre-trial photo lineup contained only one picture of a black person. Townsend later raised an additional claim of ineffective assistance of appellate counsel for counsel's failure to raise claims 1, 3 and 4 before the Ohio Supreme Court.
 
 
 4
 The district court dismissed the petition, finding that Townsend had waived habeas review of claims 1, 3 and 4 because he had not presented the claims to the Ohio Supreme Court. The court also found that Townsend did not establish cause and prejudice to excuse the procedural default because Townsend suffered no prejudice by appellate counsel's failure to raise the claims before the Ohio Supreme Court because the claims were meritless. The court also addressed the merits of claim 2 and found that Townsend had not established that the jury was biased as a result of pre-trial publicity.
 
 
 5
 On appeal, Townsend reasserts his claims and has filed a motion for the appointment of counsel.
 
 
 6
 Upon review, we shall affirm the district court's judgment for the reasons stated in the court's opinion dated July 13, 1990.
 
 
 7
 Accordingly, the motion for counsel is denied and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.